## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DAVID LEE CALDWELL,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: DLB-19-1366** |
| **DEPARTMENT OF EDUCATION,** | * | |
| **Defendant.** | * | |

## MEMORANDUM OPINION AND ORDER

Plaintiff David Lee Caldwell claims that defendant United States Department of Education, through its Default Resolution Group, wrongfully caused deductions of $1,004 and $246.90 from his pay in April and May 2019, respectively. ECF 4. As relief, he seeks monetary damages of $1,500. *Id.* The Department of Education filed a motion to dismiss plaintiff's amended complaint or, in the alternative, for summary judgment. ECF 63. Because the Court lacks jurisdiction over plaintiff's amended complaint, defendant's motion is granted.

### I.    Background

Mr. Caldwell has filed an initial complaint and an amended complaint. For purposes of this motion, the Court will consider the allegations in both complaints to discern whether Mr. Caldwell, a *pro se* plaintiff, has stated a plausible claim for relief over which the Court has subject matter jurisdiction.[1] Based on Mr. Caldwell's submissions, it appears that he defaulted on a student loan, the Department of Education referred the defaulted loan to the United States Department of

---

[1] When resolving a Rule 12(b)(6) motion to dismiss, the Court accepts the well-pleaded allegations as true. *See Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Because plaintiff's pleadings are sparse and the Court is mindful of its obligation to construe *pro se* plaintiffs' pleadings liberally, the Court also considers plaintiff's attachments to his motion to proceed in forma pauperis, which provide additional factual context. *See* ECF 2-1; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

the Treasury ("Treasury Department") for collection, and plaintiff's debt was placed in the Treasury Department's Treasury Offset Program ("TOP").  ECF 1-1 (noting cause of action for recovery of defaulted student loans); ECF 2-1, at 5–7 (debt collection notices). Through the TOP, the Treasury Department uses administrative offsets to collect delinquent non-tax debts on behalf of federal agencies and states. 31 U.S.C. § 3716; 26 U.S.C. § 6402(d), (e).  In practice, this means the Treasury Department withholds payments the federal government otherwise would make to an individual, such as Social Security payments or tax refunds, and applies the withheld funds to satisfy the individual's debt to a federal agency or state.  31 U.S.C. § 3701(a)(1).  On April 1, 2019, the Treasury Department offset funds from plaintiff's Office of Personnel Management ("OPM") federal benefits payment.  ECF 2-1, at 6–7.  On April 22, 2019, the Department of Education directed plaintiff to contact its Default Resolution Group or its Total and Permanent Disability Servicer if the payment offset caused him hardship.  *Id.* at 2–4.

On May 9, 2019, Mr. Caldwell filed a complaint against the Department of Education. ECF 1.  His brief allegations seemed to assert a claim that funds were wrongfully deducted from his account.  *Id.*  Because the Court could not discern either the cause of action Mr. Caldwell brought or the relief he sought, he was ordered to file an amended complaint.  ECF 3.

In response, plaintiff filed a one-page handwritten amended complaint in which he specified that the Department of Education wrongfully caused deductions of $1,004 from his pay in April 2019 and $246.90 in May 2019.  ECF 4.  He alleges he is experiencing "severe hardship," and he requests monetary damages of $1,500.  *Id.*

On July 15, 2021, the Department of Education filed a motion to dismiss plaintiff's amended complaint or, in the alternative, for summary judgment, along with a memorandum in support.  ECF 63, 63-1.  Defendant argues that Mr. Caldwell fails to state a claim for which the

Department of Education has waived its immunity from suit.  ECF 63-1, at 14.  Plaintiff filed an opposition in which he appears to argue that the motion should be denied because it raises procedural issues solely for the purpose of obstructing the litigation.  ECF 66.  Defendant informed the Court it did not plan to file a reply.  ECF 68.

On August 25, 2021, the case was reassigned to me.  The Court will treat the motion as a motion to dismiss.  A hearing is not necessary.  *See* Loc. R. 105.6.

II.     Standard of Review

The Department of Education filed its motion pursuant to Rule 12(b)(6), but asserts sovereign immunity, a jurisdictional issue.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Robinson v. U.S. Dep't of Educ.*, 917 F.3d 799, 801 (4th Cir. 2019).  Lack of subject matter jurisdiction is grounds for dismissal under Rule 12(b)(1).  A Rule 12(b)(1) motion has merit "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999).  When, as here, a defendant

> contend[s] that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based . . . , all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.

*Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  Thus, the Court applies the Rule 12(b)(6) standard to defendant's jurisdictional challenge.  *See id.*

A Rule 12(b)(6) motion to dismiss for failure to state a claim "tests the legal sufficiency of a complaint" and "should be granted unless the complaint 'states a plausible claim for relief.'"  *In re Birmingham*, 846 F.3d 88, 92 (4th Cir.), *as amended* (Jan. 20, 2017) (quoting *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012)); *see* Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, the "complaint need only 'give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). Stated differently, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray*, 948 F.3d at 226 (quoting *Tobey*, 706 F.3d at 387).

Complaints drafted by self-represented plaintiffs like Mr. Caldwell are held to "less stringent standards" than those drafted by attorneys. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). Nonetheless, "a *pro se* complaint must still contain sufficient facts 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" *Hundley v. Thomas*, 719 F. App'x 250, 251 (4th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

III.    Discussion

The Department of Education is immune from suit in federal court unless it has waived its immunity. *Robinson v. U.S. Dep't of Educ.*, 917 F.3d 799, 801 (4th Cir. 2019). Waiver "is a prerequisite for jurisdiction." *Id.* (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)) ; *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "A waiver of the Federal Government's sovereign immunity must be unequivocally [and unambiguously] expressed in statutory text . . . and will not be implied." *Id.* at 801–02 (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). "A strong doctrine of sovereign immunity is nowhere more important than for damages claims." *Id.* at 801. On a motion to dismiss, "[t]he plaintiff bears the burden of showing that the government has waived sovereign immunity." *Id.* at 802.

Mr. Caldwell has not identified any statute under which the Department of Education has waived its immunity from suit for monetary damages. The Department of Education, as a federal

agency, has waived its immunity from suit under the Administrative Procedures Act ("APA"), but

the APA provides only for declaratory, not monetary, relief.  5 U.S.C. § 702; *City of New York v.*

*U.S. Dep't of Def.*, 913 F.3d 423, 430 (4th Cir. 2019) ("The APA waives the federal government's

sovereign immunity for a limited set of suits, brought by 'a person suffering legal wrong because

of agency action' to obtain relief 'other than money damages.'" (quoting 5 U.S.C. § 702)).  The

statute provides:

> A person suffering legal wrong because of agency action . . . is entitled to judicial
> review thereof. An action in a court of the United States *seeking relief other than*
> *money damages* and stating a claim that an agency . . . acted or failed to act in an
> official capacity or under color of legal authority shall not be dismissed nor relief
> therein be denied on the ground that it is against the United States or that the United
> States is an indispensable party.

*Id.* (emphasis added).  This language makes clear that a person aggrieved by an agency action may

seek judicial review of the action under the APA but only if the person is "seeking relief other than

money damages."  Here, plaintiff is only seeking money damages.  Because the United States has

not waived sovereign immunity under the APA for money damages claims, the statute cannot be

the basis for federal question jurisdiction in this case.  Without any other plausible basis for subject

matter jurisdiction, plaintiff's amended complaint is dismissed without prejudice for lack of

subject matter jurisdiction.  *See Robinson*, 917 F.3d 799, 801; *S. Walk at Broadlands Homeowners*

*Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for

. . . any . . . defect in subject matter jurisdiction—must be one without prejudice, because a court

that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."); Fed. R.

Civ. P. 41(b).

## ORDER

For the reasons stated in this Memorandum Opinion, it is, this 24th day of January, 2022,

hereby ORDERED that

1. Defendant's motion to dismiss or, in the alternative, for summary judgment, ECF 63, treated as a motion to dismiss, IS GRANTED;

2. Plaintiff's amended complaint IS DISMISSED without prejudice for lack of subject matter jurisdiction; and

3. The Clerk SHALL MAIL a copy of this memorandum opinion and order to plaintiff and SHALL CLOSE this case.


                                        _____/S/_____
                                        Deborah L. Boardman
                                        United States District Judge

6